NO. 07-08-0479-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 28, 2009
_____

BOBBY WAYNE TERRY,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 57653-A; HON. HAL MINER, PRESIDING
_____

***Opinion***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Bobby Wayne Terry was convicted of burglary of a building. He seeks reversal of that conviction because the trial court failed to instruct the jury on the purported lesser-included offense of criminal trespass. We affirm the judgment.

*Background*

On April 1, 2008, around 8:00 p.m., police officers responded to a burglar alarm that went off at Cruz Construction Company in Amarillo. Upon their arrival, they discovered that

a cinder block had been thrown through a plate glass door of the building. Thereafter, appellant was found standing in the building by a desk. Atop the desk were papers that had been strewn about. The police arrested and mirandized appellant. Subsequently, he informed them that "he used a key to get in and was there because he was previously employed by Cruz Construction and they owed him some money and he was there to get his check." John Cruz testified that appellant had never worked for the company and did not have permission to be in the building. Nothing was found to be missing from the office.

*Applicable Authority and Analysis*

Appellant sought an instruction on the lesser-included offense of criminal trespass. For him to be entitled to it, a two-pronged test must be satisfied. First, the elements of the purported lesser offense must be included within the proof necessary to establish the greater offense and, second, some evidence must appear of record that would permit a jury to rationally find that if appellant was guilty of anything, it was only of the lesser offense. *Rousseau v. State,* 855 S.W.2d 666, 672-73 (Tex. Crim. App. 1993). In considering the first prong, we compare the elements of the lesser crime to those of the greater as the latter are described in the indictment. *Hall v. State,* 225 S.W.3d 524, 535-36 (Tex. Crim. App. 2007). If the elements of the lesser offense are not included in the wording of the crime as alleged in the indictment, it is not a lesser-included offense.

With respect to the second prong, if there is more than a scintilla of evidence from any source indicating that the defendant is guilty only of the lesser offense, the instruction must be given. *Forest v. State,* 989 S.W.2d 365, 367 (Tex. Crim. App. 1999). However, that evidence in question must affirmatively negate the element present in the greater

2

offense but absent in the lesser. *Morris v. State,* No. 07-99-0498-CR, 2000 Tex. App.

LEXIS 7181 at *5 n.1 (Tex. App.–Amarillo October 25, 2000, pet. ref'd) (not designated for

publication). It is not enough to simply rely on the State's failure to prove the particular

element.

Next, to be guilty of burglarizing a building (as charged in the indictment before us),

the State was required to prove that appellant, with intent to commit theft, entered a

building or a portion of a building not then open to the public without the effective consent

of the owner. *See* TEX. PENAL CODE ANN. §30.02(a)(1) (Vernon 2003). Given that a person

commits criminal trespass if he enters or remains in a building without effective consent

and had notice that the entry was forbidden or he received notice to depart but failed to do

so, *id.* §30.05(a) (Vernon Supp. 2008), it is arguable that the elements of criminal trespass

fell within the scope of the offense encompassed by the indictment. S*ee De Vaughn v.

State,* 239 S.W.3d 351, 356 (Tex. App.–San Antonio 2007, pet. ref'd) (so holding based

on the indictment before that court).[1] Consequently, we assume *arguendo* that such is the

situation here. So, that leaves us with considering whether the second prong of *Rousseau*

was satisfied.

Upon reviewing the record, we find evidence that appellant had been but was no

longer an employee of Cruz Construction, had a key to the Cruz Construction office, used

that key to enter the office building after it was closed, believed Cruz Construction owed

him money, and entered the building with the intent to obtain a check. Because of this

evidence, appellant believed the State failed to prove that element of burglary requiring

---

[1]A building "confers some explicit notice of forbidden entry." *Salazar v. State,* 284 S.W.3d 874, 877 (Tex. Crim. App. 2009).

entry with intent to commit theft. Yet, as previously mentioned, the State's failure to prove an element of the greater offense does not alone entitle the accused to an instruction on the lesser offense.

As for the possibility that evidence of appellant's entry with a key to obtain payment for a purported debt constitutes some affirmative evidence negating an intent to commit theft, we say this. Simply possessing a key to a building may signify that one has the ability to gain entry into the building. Yet, having that ability alone does not permit one to reasonably infer that entry was or would be authorized; this is so because the key could have been obtained through various means, some legitimate and others not. And, here, the record contains no specific information about how appellant secured his alleged key. Nor can a jury reasonably infer, given the record at bar, that he legitimately obtained it while a supposed employee of Cruz Construction. Doing so would require it to assume that Cruz Construction not only supplied keys to its employees but also that employees were not obligated to return them once the employment relationship ceased (as it allegedly did here). Assumptions are not evidence.

Moreover, even if it was possible to deduce from the mere possession of a key that the possessor was allowed to enter, that would not be of benefit to appellant. This is so because the very same inference would tend to negate an element of criminal trespass. Simply said, if appellant was entitled to enter the property because he had a key, then his presence was not without the effective consent of the property owner or occupant. And, if it was not without the effective consent of the legitimate occupant or property owner (*i.e.* if it was with such consent), then the accused failed to trespass.

4

As for the matter of his purported presence after hours to collect a supposed debt due him, we are quite hesitant to suggest that being owed an unsecured debt somehow entitles the creditor to invoke self-help, enter the debtor's home or building without consent, and take what is supposedly due. This is especially so given the absence of any evidence tending to show that a party authorized to act on behalf of Cruz Construction authorized appellant's entry. Moreover, appellant cites no authority swaying us to conclude otherwise. So, without knowing of any authority granting a non-lien holding creditor such a right, appellant's entry, without the owner's consent, to take property (*i.e.* a check) within the building cannot but be construed as entry with intent to deprive the owner of property.

In sum, we conclude that the requirements of *Rosseau* were not satisfied and that appellant was not entitled to the instruction sought. The judgment of the trial court is affirmed.


      Brian Quinn
      Chief Justice

Publish.