NO. 07-08-00157-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



APRIL
6, 2010

 



 

KEITH MERRILL ROBINSON, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 371ST DISTRICT COURT OF
TARRANT COUNTY;

 

NO. 1029862D; HONORABLE WILLIAM BRIGHAM, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

 

Appellant
Keith Merrill Robinson appeals from his jury conviction of the offense of
burglary of a habitation[1]
and the resulting sentence of eleven years of confinement in the Institutional
Division of the Texas Department of Criminal Justice.  Via his issue on appeal, appellant contends
the trial court erred when it denied his request to include a lesser-included
offense of theft in the jury charge.  We
find the trial court did not err, and affirm its judgment.

Background

The State’s evidence showed burglary of an apartment while its occupant
was at work.  A neighbor testified that,
as he carried out his trash that day, he noticed the victim=s patio door open and broken glass at the front door.  The neighbor also saw appellant coming out of
the victim=s apartment holding a DVD player and a large black duffel bag.  Appellant tossed the black duffel bag over
the balcony and then jumped or Aleaped across@ the balcony, dusted off his hands, grabbed the DVD player, put it in
the bag, and walked away.  The neighbor
said appellant was alone when he saw him. 


The neighbor followed appellant, watching him walk along a fence to the
street corner, where he stood with another man near a Wendy’s restaurant.
Appellant had the duffel bag on his shoulder. 
It appeared to the neighbor to have heavy objects in it.  The neighbor identified appellant in a photo
spread and adamantly maintained his in-court identification of appellant as the
burglar at trial.

Police were notified and were directed to Wendy’s.  The responding officer testified she saw
appellant on her arrival at the restaurant. 
She noted he met the description she was provided.  As she walked toward him, she saw appellant
place the black duffel bag in bushes. 
Another man also was standing near appellant, holding a bow and arrow in
his hand.  

The victim testified that some of
the items stolen from his apartment included a video camera, a cell phone, a
DVD player, a stereo and an amplifier, and a cross bow.  The black bag appellant had near him when he
was detained contained a black camera case, a cell phone and a video
camera.  The cross bow held by the other
man was identified at trial by the victim as belonging to him.  Other items were missing but never recovered.  

A fingerprint examiner testified
fingerprints found on a glass table in the victim’s apartment belonged to
appellant.  








Appellant presented at trial his theory that if he was guilty of
anything, it was theft by receiving stolen property, not burglary of a
habitation.  His theory challenges the
neighbor’s identification of him as the burglar, and focuses on the other man
seen with him in the Wendy’s parking lot. 
The record reflects the neighbor described the burglar to police as a
5’10” man, weighing 150-170 pounds.  A
police officer testified at trial that the man seen with appellant is 5’10”
tall and weighs 160 pounds.  Appellant is
a 230-pound, 5'3" man.  The neighbor
also told police the burglar was wearing shorts and a white tank top.  The record reflects appellant was wearing
shorts and a tank top when he was located in the Wendy’s parking lot but the
record also indicates the other man was dressed similarly.  Appellant also challenged the photo spread
from which the neighbor identified appellant as the burglar, indicating that
none of the other men shown were similar in appearance to appellant.   

Consistent with the indictment, the court’s charge authorized the jury
to find appellant guilty of burglary because he entered the apartment without
its owner’s consent with the intent to commit theft, or because he entered the
apartment without its owner’s consent and then committed or attempted to commit
theft.[2]  Appellant’s request that the jury also be
charged on a lesser-included offense of theft was denied.

 Analysis

As pertinent to this case, a person commits burglary of a habitation
if, without the effective consent of the owner, he (1) enters a habitation with
intent to commit a felony, theft, or an assault, or (2) enters a habitation and
commits or attempts to commit a felony, theft, or an assault.  Tex. Penal Code Ann. ' 30.02(a)(1), (3) (Vernon 1999).  A person commits a theft if he appropriates
property, without the owner=s effective consent, with intent to deprive the owner of the
property.  Tex. Penal
Code Ann. ' 31.03 (Vernon 2007).  

A two-step analysis determines whether a charge on a lesser-included
offense must be given.  Hall v. State, 225 S.W.3d 524, 535 (Tex.Crim.App.
2007); Skinner v. State, 956 S.W.2d 532, 543 (Tex.Crim.App.
1997).  See also Arevalo v. State, 943 S.W.2d 887, 889 (Tex.Crim.App. 1997); Royster
v. State, 622 S.W.2d 442 (Tex.Crim.App.
1981).  First, the lesser-included
offense must be included within the proof necessary to establish the offense
charged, and, second, some evidence must exist in the record that would permit
a jury rationally to find that if the defendant is guilty, he is guilty only
of the lesser offense.  Hall, 225 S.W.3d at 535-36; Skinner, 956 S.W.2d at
543, citing Rousseau v. State, 855 S.W.2d 666, 673 (Tex.Crim.App.
1993); Moore v. State, 969 S.W.2d 4 (Tex.Crim.App.
1998). See also Terry v. State,
296 S.W.3d 905, 906 (Tex.App.—Amarillo 2009, no pet.)
(the offense of criminal trespass may be a
lesser-included offense of burglary); Phillips
v. State, 178 S.W.3d 78, 82 (Tex.App.—Houston
[1st Dist.] 2005, pet. ref’d) (the
offenses of theft and criminal trespass can be lesser-included offenses of
burglary). 








In deciding whether the issue of a lesser-included offense is raised,
we look to all the evidence presented at trial. 
Havard v. State, 800 S.W.2d 195, 216 (Tex.Crim.App.
1989); Grotti v. State, 209 S.W.3d 747,
773 (Tex.App.BFort Worth 2006), aff=d, 2008 WL 2512832 (Tex.Crim.App. 2008).  The credibility of the evidence and whether
it is controverted or conflicts with other evidence
may not be considered.  Havard, 800 S.W.2d at 216.  It is not enough that the jury may disbelieve
crucial evidence pertaining to the greater offense.  Skinner, 956 S.W.2d
at 543.  Rather, there must be
some evidence directly germane to a lesser-included offense for the fact-finder
to consider before the instruction is warranted.  Id. The evidence must establish the lesser-included offense as a valid
rational alternative to the charged offense. 
Segundo v. State, 270 S.W.3d 79, 91 (Tex.Crim.App.
2008), citing Feldman v. State, 71 S.W.3d 738, 750 (Tex.Crim.App.
2002). A lesser included offense may be raised if evidence either affirmatively
refutes or negates an element establishing the greater
offense, or the evidence on the issue is subject to two different
interpretations, and one of the interpretations negates or rebuts an element of
the greater.  Schweinle v. State, 915 S.W.2d 17,
19 (Tex.Crim.App.1996), citing Saunders
v. State, 840 S.W.2d 390 (Tex.Crim.App. 1992).


            To
address appellant’s issue, we express no opinion whether proof of theft
necessarily would be included within the proof of the charged offense of
burglary under appellant’s indictment, so as to satisfy the first prong of the
required analysis, but proceed directly to consideration of the second prong of
the test.  Even assuming the first prong
of the test was satisfied here,[3]
we cannot agree with appellant that the evidence before the jury established
his guilt of theft as a rational alternative to burglary.

            Appellant’s
theory is that the evidence raises the possibility he did not take the items
contained in the bag he was holding from the apartment but received them from
the other man police saw with him at the Wendy’s restaurant, knowing the
property had been stolen by another.[4]
He points to evidence the other man was holding the cross bow, which was
part of the stolen property, and evidence the neighbor’s original description
of the burglar fit the other man better than it fit appellant.  He points also to evidence many of the items
missing from the apartment were never recovered, arguing that suggests the
involvement of another person in the burglary. 
Finally, he argues the discrepancies between his height and weight and
the neighbor’s original description of the burglar rationally could have led
the jury to find the fingerprint evidence to be mistaken and to disregard the neighbor’s
testimony identifying him as the man he saw leaving the apartment.   

            Appellant’s
argument amounts primarily simply to pointing out reasons the jury could have
disbelieved the State’s evidence he committed the burglary. Skinner, 956 S.W.2d at 543.  Evidence
some stolen items were not in his possession and were never recovered, and
evidence the neighbor gave varying descriptions of the burglar are not evidence
directly germane to appellant’s potential guilt of theft by knowing receipt of
stolen items.  Such evidence does not
support a lesser-included offense instruction of theft.

Evidence the other man police saw with
appellant bore similarity to the neighbor’s description and was holding the
stolen cross bow may come closer to supporting appellant’s theory.  But even assuming that evidence could be
taken to suggest appellant had received the items he was holding from the other
man, in order to constitute a rational alternative to his guilt of burglary,
appellant’s theory required evidence he knew the items were stolen.  Such evidence is missing entirely from
appellant’s argument, and from the record. See Fonseca v. State, No.
05-08-00633-CR, 2009 Tex.App. LEXIS
9314 (Tex.App.—Dallas Dec. 8, 2009, no pet.) (mem. op., not designated for publication) (similarly finding absence of knowledge that television was
stolen precluded defendant’s guilt only of theft).  For these reasons, we cannot agree the
evidence to which appellant points would have allowed the jury rationally to
find appellant guilty, if at all, only of theft by knowing receipt of stolen
items.  The evidence does not support
appellant’s guilt of theft as a “valid rational alternative” to his guilt of
burglary.  Segundo, 270 S.W.3d at 79.

  We overrule appellant=s sole point of error and affirm the judgment of the trial court.













                                                                                                                                                                                                                                                            James
T. Campbell

                                                                                                            Justice

 

 

 

Do not publish.

 











[1]
See Tex. Penal Code Ann. ' 30.02(a)(1), (a)(3)
(Vernon 1999).  This is a second degree
offense punishable by imprisonment for a term of not less than two years or
more than 20 years and a fine not to exceed $10,000.  Tex. Penal Code Ann. ' 30.02(c)(2) (Vernon 1999);
Tex. Penal Code Ann. ' 12.33 (Vernon 2003).





[2] We note the application paragraph of
the court’s charge is very similar to the application paragraph in Langs v. State, 183 S.W.3d 680 (Tex.Crim.App. 2006), and contains the same “ambiguity” the
Court of Criminal Appeals noted in its opinion there.  Id.
at 684 n.4, 5. As in Langs, the parties do not suggest any confusion resulted from the
paragraph’s language.  





[3]
Theft as
a lesser-included offense would be possible only as to a burglary committed in
the manner described in section 30.02(a)(3) of the
Penal Code.  Langs, 183 S.W.3d at 686. 





 

[4]
See Tex.
Penal Code Ann. § 31.03(b)(2) (Vernon 2009) (providing
appropriation of property is unlawful if “the property is stolen and the actor
appropriates the property knowing it was stolen by another”) .