NO. 07-08-00157-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 6, 2010

_____

KEITH MERRILL ROBINSON, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY;

NO. 1029862D; HONORABLE WILLIAM BRIGHAM, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Keith Merrill Robinson appeals from his jury conviction of the offense of

burglary of a habitation[1] and the resulting sentence of eleven years of confinement in

the Institutional Division of the Texas Department of Criminal Justice.  Via his issue on

appeal, appellant contends the trial court erred when it denied his request to include a

---

[1] *See* Tex. Penal Code Ann. § 30.02(a)(1), (a)(3) (Vernon 1999).  This is a second degree offense punishable by imprisonment for a term of not less than two years or more than 20 years and a fine not to exceed $10,000.  Tex. Penal Code Ann. § 30.02(c)(2) (Vernon 1999); Tex. Penal Code Ann. § 12.33 (Vernon 2003).

lesser-included offense of theft in the jury charge. We find the trial court did not err, and affirm its judgment.

## Background

The State's evidence showed burglary of an apartment while its occupant was at work. A neighbor testified that, as he carried out his trash that day, he noticed the victim's patio door open and broken glass at the front door. The neighbor also saw appellant coming out of the victim's apartment holding a DVD player and a large black duffel bag. Appellant tossed the black duffel bag over the balcony and then jumped or "leaped across" the balcony, dusted off his hands, grabbed the DVD player, put it in the bag, and walked away. The neighbor said appellant was alone when he saw him.

The neighbor followed appellant, watching him walk along a fence to the street corner, where he stood with another man near a Wendy's restaurant. Appellant had the duffel bag on his shoulder. It appeared to the neighbor to have heavy objects in it. The neighbor identified appellant in a photo spread and adamantly maintained his in-court identification of appellant as the burglar at trial.

Police were notified and were directed to Wendy's. The responding officer testified she saw appellant on her arrival at the restaurant. She noted he met the description she was provided. As she walked toward him, she saw appellant place the black duffel bag in bushes. Another man also was standing near appellant, holding a bow and arrow in his hand.

The victim testified that some of the items stolen from his apartment included a video camera, a cell phone, a DVD player, a stereo and an amplifier, and a cross bow. The black bag appellant had near him when he was detained contained a black camera case, a cell phone and a video camera. The cross bow held by the other man was identified at trial by the victim as belonging to him. Other items were missing but never recovered.

A fingerprint examiner testified fingerprints found on a glass table in the victim's apartment belonged to appellant.

Appellant presented at trial his theory that if he was guilty of anything, it was theft by receiving stolen property, not burglary of a habitation. His theory challenges the neighbor's identification of him as the burglar, and focuses on the other man seen with him in the Wendy's parking lot. The record reflects the neighbor described the burglar to police as a 5'10" man, weighing 150-170 pounds. A police officer testified at trial that the man seen with appellant is 5'10" tall and weighs 160 pounds. Appellant is a 230-pound, 5'3" man. The neighbor also told police the burglar was wearing shorts and a white tank top. The record reflects appellant was wearing shorts and a tank top when he was located in the Wendy's parking lot but the record also indicates the other man was dressed similarly. Appellant also challenged the photo spread from which the neighbor identified appellant as the burglar, indicating that none of the other men shown were similar in appearance to appellant.

Consistent with the indictment, the court's charge authorized the jury to find appellant guilty of burglary because he entered the apartment without its owner's consent with the intent to commit theft, or because he entered the apartment without its owner's consent and then committed or attempted to commit theft.[2] Appellant's request that the jury also be charged on a lesser-included offense of theft was denied.

Analysis

As pertinent to this case, a person commits burglary of a habitation if, without the effective consent of the owner, he (1) enters a habitation with intent to commit a felony, theft, or an assault, or (2) enters a habitation and commits or attempts to commit a felony, theft, or an assault. Tex. Penal Code Ann. § 30.02(a)(1), (3) (Vernon 1999). A person commits a theft if he appropriates property, without the owner's effective consent, with intent to deprive the owner of the property. Tex. Penal Code Ann. § 31.03 (Vernon 2007).

A two-step analysis determines whether a charge on a lesser-included offense must be given. *Hall v. State,* 225 S.W.3d 524, 535 (Tex.Crim.App. 2007); *Skinner v. State,* 956 S.W.2d 532, 543 (Tex.Crim.App. 1997). *See also Arevalo v. State,* 943 S.W.2d 887, 889 (Tex.Crim.App. 1997); *Royster v. State,* 622 S.W.2d 442 (Tex.Crim.App. 1981). First, the lesser-included offense must be included within the

---

[2] We note the application paragraph of the court's charge is very similar to the application paragraph in *Langs v. State,* 183 S.W.3d 680 (Tex.Crim.App. 2006), and contains the same "ambiguity" the Court of Criminal Appeals noted in its opinion there. *Id.* at 684 n.4, 5. As in *Langs,* the parties do not suggest any confusion resulted from the paragraph's language.

proof necessary to establish the offense charged, and, second, some evidence must exist in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty *only* of the lesser offense. *Hall,* 225 S.W.3d at 535-36; *Skinner,* 956 S.W.2d at 543, *citing Rousseau v. State,* 855 S.W.2d 666, 673 (Tex.Crim.App. 1993); *Moore v. State,* 969 S.W.2d 4 (Tex.Crim.App. 1998). *See also Terry v. State,* 296 S.W.3d 905, 906 (Tex.App.—Amarillo 2009, no pet.) (the offense of criminal trespass may be a lesser-included offense of burglary); *Phillips v. State,* 178 S.W.3d 78, 82 (Tex.App.—Houston [1st Dist.] 2005, pet. ref'd) (the offenses of theft and criminal trespass can be lesser-included offenses of burglary).

In deciding whether the issue of a lesser-included offense is raised, we look to all the evidence presented at trial. *Havard v. State,* 800 S.W.2d 195, 216 (Tex.Crim.App. 1989); *Grotti v. State,* 209 S.W.3d 747, 773 (Tex.App.–Fort Worth 2006), *aff'd*, 2008 WL 2512832 (Tex.Crim.App. 2008). The credibility of the evidence and whether it is controverted or conflicts with other evidence may not be considered. *Havard,* 800 S.W.2d at 216. It is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense. *Skinner,* 956 S.W.2d at 543. Rather, there must be some evidence directly germane to a lesser-included offense for the fact-finder to consider before the instruction is warranted. *Id.* The evidence must establish the lesser-included offense as a valid rational alternative to the charged offense. *Segundo v. State,* 270 S.W.3d 79, 91 (Tex.Crim.App. 2008), *citing Feldman v. State*, 71 S.W.3d 738, 750 (Tex.Crim.App. 2002). A lesser included offense may be raised if evidence

5

either affirmatively refutes or negates an element establishing the greater offense, or the evidence on the issue is subject to two different interpretations, and one of the interpretations negates or rebuts an element of the greater. *Schweinle v. State,* 915 S.W.2d 17, 19 (Tex.Crim.App.1996), *citing Saunders v. State,* 840 S.W.2d 390 (Tex.Crim.App. 1992).

To address appellant's issue, we express no opinion whether proof of theft necessarily would be included within the proof of the charged offense of burglary under appellant's indictment, so as to satisfy the first prong of the required analysis, but proceed directly to consideration of the second prong of the test. Even assuming the first prong of the test was satisfied here,[3] we cannot agree with appellant that the evidence before the jury established his guilt of theft as a rational alternative to burglary.

Appellant's theory is that the evidence raises the possibility he did not take the items contained in the bag he was holding from the apartment but received them from the other man police saw with him at the Wendy's restaurant, knowing the property had been stolen by another.[4] He points to evidence the other man was holding the cross bow, which was part of the stolen property, and evidence the neighbor's original

---

[3] Theft as a lesser-included offense would be possible only as to a burglary committed in the manner described in section 30.02(a)(3) of the Penal Code. *Langs,* 183 S.W.3d at 686.

[4] See Tex. Penal Code Ann. § 31.03(b)(2) (Vernon 2009) (providing appropriation of property is unlawful if "the property is stolen and the actor appropriates the property knowing it was stolen by another") .

6

description of the burglar fit the other man better than it fit appellant.  He points also to evidence many of the items missing from the apartment were never recovered, arguing that suggests the involvement of another person in the burglary.  Finally, he argues the discrepancies between his height and weight and the neighbor's original description of the burglar rationally could have led the jury to find the fingerprint evidence to be mistaken and to disregard the neighbor's testimony identifying him as the man he saw leaving the apartment.

Appellant's argument amounts primarily simply to pointing out reasons the jury could have disbelieved the State's evidence he committed the burglary. *Skinner,* 956 S.W.2d at 543.  Evidence some stolen items were not in his possession and were never recovered, and evidence the neighbor gave varying descriptions of the burglar are not evidence directly germane to appellant's potential guilt of theft by knowing receipt of stolen items.  Such evidence does not support a lesser-included offense instruction of theft.

Evidence the other man police saw with appellant bore similarity to the neighbor's description and was holding the stolen cross bow may come closer to supporting appellant's theory.  But even assuming that evidence could be taken to suggest appellant had received the items he was holding from the other man, in order to constitute a rational alternative to his guilt of burglary, appellant's theory required evidence he knew the items were stolen.  Such evidence is missing entirely from appellant's argument, and from the record. *See Fonseca v. State,* No. 05-08-00633-

7

CR, 2009 Tex.App. LEXIS 9314 (Tex.App.—Dallas Dec. 8, 2009, no pet.) (mem. op., not designated for publication) (similarly finding absence of knowledge that television was stolen precluded defendant's guilt only of theft). For these reasons, we cannot agree the evidence to which appellant points would have allowed the jury rationally to find appellant guilty, if at all, only of theft by knowing receipt of stolen items. The evidence does not support appellant's guilt of theft as a "valid rational alternative" to his guilt of burglary. *Segundo,* 270 S.W.3d at 79.

We overrule appellant's sole point of error and affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.