Bobby D. JOHNSON, a/k/a Robert Johnson, Appellant,

v.

The STATE of Texas, Appellee.

No. 07-92-0242-CR.

Court of Appeals of Texas, Amarillo.

Dec. 22, 1992.

---

Mike Brown, The Brown Law Firm, Lubbock, for appellant.

Robert W. Kinkaid, Jr., Asst. Dist. Atty., Plainview, for appellee.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

BOYD, Justice.

Appellant Bobby D. Johnson brings this appeal from his conviction of burglary of a habitation and the resulting jury-assessed punishment of twenty-five (25) years confinement in the Texas Department of Criminal Justice, Institutional Division and a $1,000 fine. We affirm the judgment of the trial court.

In three points, appellant contends (1) under the court's charge, the evidence is insufficient to convict appellant of burglary of a habitation; (2) the trial court misdirected the jury by failing to apply the law to the facts of the case in the court's charge; and (3) he was denied effective assistance of counsel and due process of law by his trial counsel's failure to object to the court's charge.

Since the questions in this appeal are in the main legal, a brief resume of the State's evidence should suffice. That evidence showed that on November 17, 1991, at approximately 9:50 p.m., Mike Williams

was watching television in his living room when he heard a noise which sounded as if someone had hit the wall. This wall is common with the connected garage. On the garage side of the wall are several cabinets and work benches. Williams went out to the garage through a connecting door to investigate and saw a cat coming out from under a car in the garage. He returned momentarily to the living room but, not being satisfied that the cat could have made the kind of noise he heard, returned to the garage through the same connecting door. He walked around the front of the car parked in the garage to see the opposite side of the garage, and discovered appellant lying on the floor of the garage behind a parked car. Additional portions of the evidence will be referred to if necessary in a proper discussion of the questions presented here.

In support of his first point, appellant argues that because the charge fails to properly apply the law in the case to the facts, the evidence is insufficient to convict. In support of that theory, he places primary reliance on *Nickerson v. State*, 782 S.W.2d 887, 891 (Tex.Crim.App.1990), which states the rule that if the evidence does not conform to the instructions given in the charge, it is insufficient as a matter of law.

Appellant was charged with the offense of burglary of a habitation as proscribed by Tex.Penal Code Ann. § 30.02[1] (Vernon 1989). Section 30.01 defines a habitation as follows:

(1) "Habitation" means a structure or vehicle that is adapted for the overnight accommodation of persons, and includes:

\* \* \* \* \* \*

B) each structure appurtenant to or connected with the structure or vehicle.

The definition of "habitation" in the charge tracked the language of the statute. The application paragraph of the charge reads as follows:

Now if you find from the evidence beyond a reasonable doubt that on or about the 17th day of November, 1991, in Hale County, Texas, the Defendant, Bobby Johnson, aka Robert Johnson, did enter the habitation of Mike Williams, . . . with the intent then and there to commit the offense of theft of personal property therein, then you will find the defendant guilty as charged.

Appellant posits the charge authorized conviction upon proof of an entry into a "habitation," *i.e.*, "a structure adapted to overnight accommodation of persons." However, he argues, the evidence showed appellant entered a garage which was not "adapted to overnight accommodation" but was "appurtenant to or connected with" a habitation. Continuing, he states that the only way the garage meets the statutory definition of a "habitation," is if it is in fact "appurtenant to or connected with" a habitation.

Appellant conceded that a garage may, depending upon the facts, be a "habitation" within the purview of the statute. He contends, however, that the question of whether a garage meets the statutory definition of a habitation is a fact issue for the jury.

According to appellant, the failure of the charge in its application paragraph to require the jury, as a prerequisite to conviction, to find appellant entered a structure "appurtenant to or connected with" a habitation, deprived him of his right to a jury fact finding on that issue. This follows, he says, since the garage was not "adapted for overnight accommodation of persons," it was not a habitation *per se*, and without a jury finding that it was appurtenant to or connected with a habitation, the charge and the verdict do not conform to the evidence. Thus, he concludes, under the charge submitted to the jury, the evidence is insufficient to convict him of the offense of burglary of a habitation. We disagree.

In *Nickerson*, the appellant was charged with the offense of attempting to obtain drugs by forgery. The evidence at trial established appellant accompanied another

---

**1.** Later references in this opinion to section numbers are to those sections of the Texas Pe-   nal Code unless otherwise specified.

individual named Mays to a pharmacy in an attempt to obtain the controlled substance, Preludin, by the use of a forged prescription. Mays, however, was the one who actually presented the prescription. The court's charge presented two different theories of criminal responsibility.

The first of those theories authorized conviction if the jury found the defendant presented the forged instrument in an attempt to obtain possession of a controlled substance, while the second authorized conviction only if the defendant presented the instrument and was a party to the criminal conduct. The appellate court noted that both theories required a finding by the jury of the essential element that the *defendant* presented the instrument. It also recognized the general rule in criminal cases that the sufficiency of the evidence to support a conviction must be considered from the charge given. If the evidence does not conform to the charge given, it is insufficient as a matter of law. *Nickerson v. State*, 782 S.W.2d at 891. Pointing out that there was no evidence adduced at trial that Nickerson had ever possessed or presented the forged writing, the Court held there was no evidence from which a rational trier of fact could conclude that the State had proved that essential element. The Court remanded the case to the trial court for entry of a judgment of acquittal. *Id.* at 891–92.

■ We believe the reasoning in *Nickerson* is not applicable to this one. The evidence in this case is undisputed that the garage is joined to the complainant's house and shares a common wall. It is established that such a garage is a "habitation" as defined by §§ 30.01 and 30.02. *White v. State*, 630 S.W.2d 340, 342 (Tex.App.—Houston [1st Dist.] 1982, no pet.). Indeed, it has been held that an unattached garage may be considered to be a "structure appurtenant to" a residence and thus, within the statutory definition of a "habitation." *See Jones v. State*, 690 S.W.2d 318, 319 (Tex.App.—Dallas 1985, pet. ref'd).

Under the application paragraph in question, as a prerequisite to appellant's conviction, the jury was required to find appellant entered Williams' habitation. Since the un-disputed evidence showed the garage was a "habitation" as defined by the statute, the evidence conformed to the charge instruction. Therefore, this is not a case like *Nickerson* where the evidence showed one illegal act while the charge required the finding of another and different act. Appellant's first point is overruled.

■ Our disposition of appellant's first point foreshadows our disposition of his second point. In the second point, appellant again argues the charge failed to apply the law to the facts in this case. He posits that the undisputed evidence shows appellant entered a garage which was not adapted to overnight accommodation of persons. He contends that the only manner by which the garage meets the statutory definition of a "habitation" is if it is in fact "appurtenant to or connected with" a "habitation." Since the charge, in its application paragraph, did not require the jury to find specifically that appellant entered a structure "appurtenant to or connected with" a habitation, *i.e.*, a structure adapted to overnight accommodation, he concludes he was deprived of an essential fact finding.

The sense of appellant's argument is that the statutory definition of a habitation limits such a building to "a structure adapted to overnight accommodation." To accept that argument would be to ignore subsection (B) of the statute which includes not only a structure adapted to overnight accommodation, but also a "structure appurtenant to or connected with the structure." By tracking the statute in its charge explanation of what constituted a "habitation," and by requiring the jury to find entrance into such a "habitation," the trial court correctly charged the jury. Appellant's second point is overruled.

The disposition which we have made of appellant's first two points obviates the necessity for discussion of appellant's third point. In summary, all of appellant's points are overruled and the judgment of the trial court is affirmed.