In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-04-00759-CR
____________

HENDERSON DAVID PHILLIPS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 185th District Court 
Harris County, Texas
Trial Court Cause No. 989894



 MEMORANDUM OPINION

          Appellant, Henderson David Phillips, pleaded not guilty to the felony of
burglary of a habitation. A jury found him guilty, and the trial court, having found
true the enhancement allegation of a prior conviction for burglary of a building,
assessed punishment at 20 years in prison. In three points of error, appellant
contends that the evidence is legally insufficient to establish entry into the
habitation and that the trial court erred by denying appellant’s requested jury
charges on the lesser-included offenses of theft and criminal trespass. We affirm. 
Background
          Early on May 9, 2003, Christian Thompson left his house to attend class at a
local university. When he returned to his house at about 10 a.m. that day, he saw
appellant inside his back yard, where he was attempting to climb over the fence. 
The fence had a door that was locked to prevent entry into the back yard. 
Thompson observed appellant in possession of a floodlight that belonged to
Thompson. In addition, a van was parked in front of Thompson’s house, and a
vacuum cleaner that belonged to Thompson was next to the van. Thompson asked
appellant what he was doing. Appellant replied that he was taking the items at the
request of an inspector. But no one else was present near the house. Although a
notice was apparent on the door of the house, it was a pool-violation notice. 
Dissatisfied with appellant’s explanation, Thompson wrote down the license plate
number of the van and went inside the house to call for the police. While
Thompson was inside the house, appellant left in the van, taking the floodlight with
him.
          Police officers obtained the license plate information from Thompson, and
that information led officers to suspect appellant. Appellant’s photo was placed
into a photo spread shown to Thompson, who positively identified appellant as the
person at the fence that morning.
          At trial, Thompson testified that, when Thompson left his house that
morning, both the vacuum that was near appellant’s van and the floodlight near
appellant were inside a utility shed attached to the house. Thompson explained
that the shed had a door that was closed, but not locked. Thompson said that the
only way to obtain the two items was by entering the shed. Legal Sufficiency of the Evidence 
          In his first point of error, appellant contends that the evidence is legally
insufficient to establish his conviction for burglary of a habitation. Appellant’s
complaint concerns an alleged lack of evidence to establish entry into the
habitation.          In assessing legal sufficiency, we determine whether, based on all of the
record evidence, viewed in the light most favorable to the verdict, a rational jury
could have found the accused guilty of all of the essential elements of the offense
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S. Ct.
2781, 2788-89 (1979); Swearingen v. State, 101 S.W.3d 89, 95 (Tex. Crim. App.
2003). In conducting our review of the legal sufficiency of the evidence, we do not
reevaluate the weight and credibility of the evidence, but only ensure that the jury
reached a rational decision. Muniz v. State, 851 S.W.2d 238, 246 (Tex. Crim. App.
1993).
          To establish that appellant committed burglary of a habitation, the State had
to prove that appellant (1) entered a habitation, (2) without the effective consent of
the owner, and (3) with intent to commit a theft. See Tex. Pen. Code Ann.
§ 30.02(a)(1) (Vernon 2003). A person “enters” a habitation if he intrudes any part
of his body, or any physical object connected with the body. Tex. Pen. Code Ann.
§ 30.02(b)(1), (2) (Vernon 2003). Proof of entry may be shown by circumstantial
evidence. Clark v. State, 543 S.W.2d 125, 127 (Tex. Crim. App. 1976); Boudreaux
v. State, 757 S.W.2d 139, 147 (Tex. App.—Houston [1st Dist.] 1988, pet. ref’d). A
structure that is attached to and shares a common wall with a complainant’s house is
a habitation for purposes of section 30.02(a). See Johnson v. State, 844 S.W.2d
872, 874 (Tex. App.—Amarillo 1992, no pet.) (rejecting contention that garage
attached to house did not constitute habitation). Although no one saw appellant enter or leave the shed, the undisputed
evidence shows that Thompson saw appellant inside Thompson’s fenced and locked
backyard. Appellant possessed Thompson’s floodlight and left with the light when
he departed in the van, although he did not take the vacuum that belonged to
Thompson that Thompson saw near the van when he arrived at the house. The
floodlight and vacuum had been inside the shed, or pantry room, attached to
Thompson’s residence. Neither item could have been removed from the room
without entry into the room. 
          On viewing these circumstances in the light most favorable to the verdict, a
jury could rationally have found, beyond a reasonable doubt, that appellant entered
the room, which was undisputedly attached to Thompson’s house and, thus, his
habitation. See id. We hold that the evidence is legally sufficient to establish that
appellant entered Thompson’s habitation. 
          Accordingly, we overrule point of error one. 
Lesser-Included Offenses
          In his second and third points of error, appellant contends that the trial court
erred by denying his request that instructions on the lesser-included offenses of
criminal trespass and theft be included in the jury charge. 
          An offense is a lesser-included offense under the following circumstances: 
(1) it is established by proof of the same or less than all the facts required to
establish the commission of the offense charged; (2) it differs from the offense
charged only in that a less serious injury or risk of injury to the same person,
property, or public interest suffices to establish commission of the offense; (3) it
differs from the offense charged only in that a less culpable mental state suffices to
establish its commission; or (4) it consists of an attempt to commit the offense
charged or an otherwise included offense. Tex. Code Crim. Proc. Ann. art. 37.09
(Vernon 2004).
          A two-pronged test determines whether a defendant is entitled to a charge on a
lesser-included offense. See Hayward v. State, 158 S.W.3d 476, 478 (Tex. Crim.
App. 2005). First, the lesser-included offense must be included within the proof
necessary to establish the offense charged. Id. (citing article 37.09). The critical
elements of the charging instrument, including time, place, identity, and manner and
means, are relevant to the inquiry whether one offense includes another for the
purposes of lesser-included offense instructions. Id. at 479 (citing Campbell v. State,
149 S.W.3d 149, 155 (Tex. Crim. App. 2004)). Second, some evidence must exist in
the record that would permit the jury to find, rationally, that the appellant, if guilty,
is guilty only of the lesser-included offense. Hayward, 158 S.W.3d at 478. 
          The evidence must establish the lesser-included offense as a valid, rational
alternative to the charged offense. Wesbrook v. State, 29 S.W.3d 103, 113 (Tex.
Crim. App. 2000). A charge on the lesser-included offense is not required, however,
when the defendant presents no evidence or presents evidence that no offense was
committed. Lofton v. State, 45 S.W.3d 649, 652 (Tex. Crim. App. 2001). The
offenses of theft and criminal trespass can be lesser-included offenses of burglary. 
See Daniels v. State, 633 S.W.2d 899, 900 (Tex. Crim. App. 1982) (trespass as
lesser-included offense of burglary); Day v. State, 532 S.W.2d 302, 306 (Tex. Crim.
App. 1975) (same); Martinez v. State, 635 S.W.2d 629, 634 (Tex. App.—Austin
1982, pet. ref’d) (theft and criminal trespass as lesser-included offenses of burglary).
          Appellant has not satisfied the second prong of the test, which requires that
the record show that some evidence would permit the jury to find, rationally, that if
appellant is guilty, he is guilty only of the lesser offense. See Hayward, 158 S.W.3d
at 478. The undisputed evidence in the record shows that Thompson’s vacuum and
floodlight were in the shed attached to his residence when he left for school that
morning, that appellant possessed the floodlight when Thompson arrived home, that
appellant was inside the locked fence that surrounded Thompson’s back yard, that
Thompson’s vacuum was next to appellant’s van, that appellant left the location with
Thompson’s floodlight, and that the floodlight and vacuum could only be acquired
by entering the shed attached to Thompson’s residence. Neither the State nor
appellant presented any evidence showing that, if appellant was guilty, he was guilty
only of the lesser-included offenses of theft or trespass. We hold that the trial court
did not err by refusing appellant’s request that the jury charge include instructions
for the lesser-included offenses of theft and trespass. 
          We overrule points of error two and three.

Conclusion
We affirm the judgment of the trial court. 
 
 
 
   Elsa Alcala
   Justice
 
Panel consists of Justices Taft, Alcala, and Higley.