**Opinion issued October 14, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-13-01010-CR

———————————————

**JOSE HUMBERTO ALVARADO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 339th District Court**
**Harris County, Texas**
**Trial Court Case No. 1308503**

---

## MEMORANDUM OPINION

A jury found Jose Humberto Alvarado guilty of the offense of burglary of a habitation with intent to commit theft. Alvarado agreed to a punishment of thirteen years' confinement. On appeal, Alvarado contends that (1) legally insufficient

evidence supports his conviction, because the State failed to prove the element of entry; and (2) he was deprived of constitutionally effective assistance of counsel. We conclude that sufficient evidence supports Alvarado's conviction and that Alvarado has failed to show ineffective representation; we therefore affirm.

## Background

In June 2011, Fredda Cliburn left her home in Pasadena to go to a store. When she returned home about forty–five minutes later, she discovered that her lawnmower was missing from her garage. Cliburn reported the burglary to the police.

Less than a quarter of a mile from Cliburn's home, Officer J. Shirley observed the driver of a maroon Lincoln Town Car drive through a stop sign without stopping. Officer Shirley noticed that a lawnmower was protruding from the Lincoln's trunk. He followed the Lincoln and saw the driver fail to stop at four more stop signs. He called for back up. When it arrived, they detained Alvarado and his two passengers, Alvarado's son and his son's friend. During the stop, Officer Shirley learned of the burglary at Cliburn's house. Cliburn identified the lawnmower as her stolen property. In a videotaped interview, Alvarado later confessed to Officer Shirley that he had entered the garage and stolen the lawnmower.

*Course of proceedings*

Alvarado moved to redact the videotaped interview. The State agreed to redact portions of the interview. Over Alvarado's objection, the trial court admitted a redacted version of the interview. Alvarado also raised an objection under the Sixth Amendment's Confrontation Clause to a statement made by Officer Shirley during the interview. The trial court admitted the statement.

## I.    Sufficiency of the evidence

*Standard of review*

In reviewing a challenge to the sufficiency of the evidence, we consider all of the record evidence in a light most favorable to the verdict, and determine whether a rational fact–finder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *In re Winship*, 397 U.S. 358, 361, 90 S. Ct. 1068, 1071 (1970); *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009); *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). We consider the combined force of all the evidence, and determine whether any necessary inferences have a reasonable basis. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (citing *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007)). Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence can establish guilt.

3

*Hooper*, 214 S.W.3d at 13. We presume that the fact–finder resolved any conflicting inferences in favor of the verdict, and we defer to that resolution. *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Clayton*, 235 S.W.3d at 778.

*Analysis*

Alvarado contends that the State failed to prove that he entered Cliburn's garage. A person commits burglary if, without the effective consent of the owner, the person "enters a building or habitation and commits or attempts to commit a felony, theft, or an assault." TEX. PENAL CODE ANN. § 30.02(a)(3) (West 2011). "Enter" means to intrude any part of the body or any physical object connected with the body. *Id.* § 30.02(b)(1), (2). The State may prove entry by circumstantial evidence. *Clark v. State*, 543 S.W.2d 125, 127 (Tex. Crim. App. 1976); *Phillips v. State*, 178 S.W.3d 78, 81 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd).

Officer Shirley recovered a lawnmower from the trunk of Alvarado's car. Cliburn identified the lawnmower as her stolen property, property that she housed inside her garage. Alvarado confessed that he had entered the garage and stolen the lawnmower. We hold that legally sufficient evidence supports Alvarado's conviction.

Alvarado's reliance on *Hohlt v. State*, No. 14-93-00601-CR, 1996 WL 65439, at *2 (Tex. App.—Houston [14th Dist.] Feb. 15, 1996, pet. ref'd) (mem. op., not designated for publication), is misplaced. In *Hohlt*, our sister court held

4

that the State had not proven that the defendant entered a garage to steal a bicycle. *Hohlt*, 1996 WL 65439, at *2. There, the complainant was uncertain whether she had housed the bicycle in the garage. *Id.* Two witnesses testified that they saw the defendant riding a bicycle from the complainant's driveway, but they did not describe the bicycle. *Id.* The arresting officer found the defendant walking without a bicycle; he was uncertain whether the police ever recovered a bicycle. *Id.* In contrast, Cliburn testified without reservation that the lawnmower was located in her garage.

## II.     Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, the defendant must show that (1) his counsel's performance was deficient; and (2) a reasonable probability exists that the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). The first prong of this test requires the defendant to show that counsel's performance fell below an objective standard of reasonableness, in that counsel made such serious errors that he was not functioning effectively as counsel. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Lopez*, 343 S.W.3d at 142. Thus, the defendant must prove objectively, by a preponderance of the evidence, that his counsel's representation fell below

professional standards. *Lopez*, 343 S.W.3d at 142; *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002).

The second prong requires the defendant to show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Lopez*, 343 S.W.3d at 142. In reviewing counsel's performance, we look to the totality of the representation to determine the effectiveness of counsel, indulging a strong presumption that the attorney's performance falls within the wide range of reasonable professional assistance or trial strategy. *Lopez*, 343 S.W.3d at 142–43. The record must affirmatively demonstrate counsel's deficiency; we may not engage in retrospective speculation. *Id.* at 142 (citing *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)).

Alvarado contends that his trial counsel was ineffective because he elicited harmful testimony in his cross–examination of Cliburn and failed to object to some of Officer Shirley's statements.

*Eliciting harmful testimony*

Alvarado's counsel cross-examined Cliburn as to her level of certainty of the lawnmower's location. Cliburn responded that she was certain that the lawnmower was in her garage. But earlier, on the State's direct examination, Cliburn had testified that the lawnmower was in her garage. Alvarado has failed to rebut the

presumption that trial counsel's performance fell within the wide range of reasonable trial strategy. *See Lopez*, 343 S.W.3d at 142–43. Trial counsel intended to sow doubt as to the element of entry by attacking Cliburn's certainty of the lawnmower's location:

> Alvarado's trial counsel: My question is, do you know if the grass had been cut that day?
>
> Cliburn: No, it had not been cut that day.
>
> Alvarado's trial counsel: And do you know if the lawnmower was removed from the garage—
>
> Cliburn: No, sir.
>
> Alvarado's trial counsel: —and pulled outside?
>
> Cliburn: No, sir, it wasn't.
>
> Alvarado's trial counsel: When this lawnmower was taken, you were not present; is that correct?
>
> Cliburn: That's correct.
>
> Alvarado's trial counsel: And there were other people at the house; is that right?
>
> Cliburn: That's correct.
>
> Alvarado's trial counsel: And you would agree with me those other persons would have been capable of moving the lawnmower; is that correct?

Trial counsel's attempt to sow doubt as to the element of entry was a reasonable trial strategy. Accordingly, trial counsel's representation did not fall

below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064.

*Rule 403*

Alvarado's trial counsel objected under the Confrontation Clause to Officer Shirley's statement in the videotaped interview that Alvarado's son and his son's friend reported that Alvarado had asked them to look for open garages and lawnmowers. The State responded that Officer Shirley's statement was relevant because it shows Officer Shirley's investigative tactics. The trial court admitted the statement. Alvarado argues that his counsel should have objected to the relevance of the statement, rather than objecting based on the Confrontation Clause; he does not challenge the trial court's ruling on the objection that was made.

When an out–of–court statement is relevant, not for its truth, but because it provides background detail, we examine how likely a jury would improperly consider the statement for the truth of the matter asserted. *See Langham v. State*, 305 S.W.3d 568, 580 (Tex. Crim. App. 2010); *Humphrey v. State*, No. 01-08-00820-CR, 2012 WL 4739925, at *2 (Tex. App.—Houston [1st Dist.] Oct. 4, 2012, no pet.) (mem. op., not designated for publication). Because the relevance of background evidence is marginal, the introduction of too much incriminating detail may prove far more prejudicial than probative. *Langham*, 305 S.W.3d at 580

("[T]he greater and more damning the detail contained in [an] out–of–court statement, the greater the likelihood that the jury will gravitate toward the improper use.").

In the interview, Officer Shirley told Alvarado that he would not lie to him to elicit information. At trial, however, Officer Shirley testified that he was not always truthful when interrogating suspects. The State never asserted that Officer Shirley's statement was true; rather, the State focused on Alvarado's responses. In the interview, Alvarado confessed to entering the garage to steal the lawnmower. Given that the State did not assert that Officer Shirley's statement was true and added little incriminating detail, we hold that the absence of a Rule 403 objection by Alvarado's trial counsel did not fall below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064.

*Improper comment on another's truthfulness*

A witness generally may not offer a direct opinion as to the truthfulness of another witness; such an opinion is generally inadmissible. *Blackwell v. State*, 193 S.W.3d 1, 21 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) (citing *Schutz v. State*, 957 S.W.2d 52, 59 (Tex. Crim. App. 1997)). An opinion about another witness's truthfulness does more than "'assist the trier of fact to understand the evidence or to determine a fact in issue'; it decides an issue for the jury." *Yount v. State*, 872 S.W.2d 706, 709 (Tex. Crim. App. 1993); *Blackwell*, 193 S.W.3d at 21.

The jury alone is to decide whether a particular witness's testimony is credible. *See Yount*, 872 S.W.2d at 710–11.

In the interview, Officer Shirley warns Alvarado not to lie, and, at one point, states, "[T]hat's a lie." Officer Shirley's statement that Alvarado is lying is an improper comment on the truthfulness of another witness and thus is inadmissible. *See Yount*, 872 S.W.2d at 709; *Blackwell*, 193 S.W.3d at 21.

However, we indulge a strong presumption that the attorney's performance falls within a wide range of reasonable professional assistance or trial strategy. *Lopez*, 343 S.W.3d at 142–43. Alvarado's trial counsel may have chosen not to object to Officer Shirley's statement in the hope that the jury would perceive Officer Shirley's interrogative tactics as overbearing and question the voluntariness of Alvarado's confession; counsel successfully objected to other portions of the interview. We hold that the record does not affirmatively demonstrate counsel's deficiency. *See id.* at 142.

Even if the record affirmatively demonstrated counsel's deficiency, Alvarado has failed to show that, but for counsel's errors, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Lopez*, 343 S.W.3d at 142. The State proffered abundant evidence of Alvarado's guilt, including that Officer Shirley recovered the stolen lawnmower from Alvarado's trunk; the lawnmower was stolen from within the complainant's

garage, and Alvarado confessed to the crime. Accordingly, we hold that Alvarado has failed to satisfy both prongs of an ineffective assistance claim.

## Conclusion

We hold that sufficient evidence supports Alvarado's conviction. We further hold that Alvarado has not borne his burden to rebut the presumption that trial counsel made all significant decisions in the exercise of reasonable professional judgment. We therefore affirm the judgment of the trial court.


Jane Bland
Justice

Panel consists of Justices Higley, Bland, and Sharp.

Do not publish. *See* TEX. R. APP. P. 47.2(b).