113-15

ORIGINAL

IN THE COURT OF CRIMINAL APPEALS
OF TEXAS

TERRY GLYNN SPEED          §
V.                         § No. 07-13-00034CR
THE STATE OF TEXAS         §

APPELLANT's PETITION FOR DISCRETIONARY
REVIEW OF TEXAS COURT OF APPEALS, SEVENTH
DISTRICT, AT AMARILLO, JUDGMENT

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 10 2015

Abel Acosta, Clerk

TERRY GLYNN SPEED
TDCJ-ID #1824011
Coffield Unit
2661 FM 2054
Tennessee Colony, TX 75884

PRO SE, APPELLANT

FILED IN
COURT OF CRIMINAL APPEALS

FEB 1 0 2015

Abel Acosta, Clerk

STATEMENT REGARDING ORAL ARGUMENT:
Appellant is requesting oral argument.

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . 2,3

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . 4

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . 5

STATEMENT OF PROCEDURAL HISTORY . . . . . . . . . . . . . . 5

GROUNDS FOR REVIEW

   1. WHETHER THE COURT OF APPEALS ERRED IN
      CONCLUDING THE EVIDENCE WAS SUFFICIENT TO
      CONVICT APPELLANT OF THE CHARGED BURGLARY
      WHETHER THE JURY BELIEVED HE ACTED DIRECTLY
      OR AS A PARTY. Mem. Op. No. 07-13-00034-CR,
      Terry Glynn Speed v. The State of Texas, pages 5,8. . . . . . . . . 2,6

   2. WHETHER THE COURT OF APPEALS ERRED IN
      CONCLUDING THE JURY's AFFIRMATIVE FINDING TO
      THE DEADLY WEAPON SPECIAL ISSUE WAS SUPPORTED
      BY SUFFICIENT EVIDENCE. Mem. Op. No. 07-13-00034-CR,
      Terry Glynn Speed v. The State of Texas, pages 8,10. . . . . . . . 2,6,7

   3. WHETHER THE COURT OF APPEALS ERRED IN
      CONCLUDING THAT THE TRIAL COURT DID NOT
      ABUSE ITS DISCRETION BY REFUSING TO CHARGE
      THE JURY ON THEFT AS A LESSER-INCLUDED OFFENSE
      OF BURGLARY. Mem. Op. No. 07-13-00034-CR, Terry
      Glynn Speed v. The State of Texas, pages 10,12. . . . . . . . . . . 2,7

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . 6,7

PRAYER FOR RELIEF . . . . . . . . . . . . . . . . . . . . . 8

APPENDIX-<u>A</u>

MEMORANDUM OPINION No. 07-13-00034-CR,
Terry Glynn Speed v. The State of Texas

# INDEX OF AUTHORITIES

## CASES
### State

Page

Beier v. State, 687 S.W.2d 2,3 (Tex.Crim.App.1985) . . . . . . . . . . . . . 6

Bignall v. State, 887 S.W.2d 340,391(Tex.Crim.App.1994) . . . . . . . . 7

Brooks v. State, 323 S.W.3d 893,894(Tex.Crim.App.2010) . . . . . . . . 6

Clayton v. State, 235 S.W.3d 772,778 (Tex.Crim.App.2007) . . . . . . . 6

Ex parte Huskins, 176 S.W.3d 816,820(Tex.Crim.App.2005) . . . . . . . 7

Geesa v. State, 820 S.W.2d 154,161 (Tex.Crim.App.1991) . . . . . . . 6

Grey v. State, 298 S.W.3d 644,645 (Tex.Crim.App.2009) . . . . . . . . 7

Hall v. State, 225 S.W.3d 524,527-28 (Tex.Crim.App.2007) . . . . . . . 7

Jackson v. State, 160 S.W.3d 568,574 (Tex.Crim.App.2005) . . . . . . . 7

Lofton v. State, 45 S.W.3d 649,652 (Tex.Crim.App.2001) . . . . . . . 7

Malik v. State, 953 S.W.2d 234,240 (Tex.Crim.App.1997) . . . . . . . 6

Miller v. State, 83 S.W.3d 308,313 (Tex.App.-Austin 2002,pet.refused) . . . . 6

Nevarez v. State, 270 S.W.3d 691,693(Tex.App.-Amarillo 2008,no pet.) . . . . . . 7

Paulson v. State, 28 S.W.3d 570 (Tex.Crim.App.2000) . . . . . . . 6

Phillips v. State, 178 S.W.3d 78,82 (Tex.App.-Houston [1st]2005,pet.refused) . . . 7

Rice v. State, 333 S.W.3d 140,145 (Tex.Crim.App.2011) . . . . . . . 7

Rodriguez v. State, 549 S.W.2d 747 (Tex.Crim.App.1977) . . . . . . . 6

Rousseau v. State, 855 S.W.2d 666,672-73 (Tex.Crim.App.1993) . . . . . . . 7

Royster v. State, 622 S.W.2d 442,446 (Tex.Crim.App.1981) . . . . . . . 7

Saunders v. State, 840 S.W.2d 390,391(Tex.Crim.App.1992) . . . . . . . 7

Threadgill v. State, 146 S.W.3d 654,666(Tex.Crim.App.2004) . . . . . . . 7

Tarpley v. State, 565 S.W.2d 525,529(Tex.Crim.App.1978) . . . . . . . 6

### Federal

Jackson v. Virginia, 443 U.S. 307,99 S.Ct.2781 (1979) . . . . . . . 6

## Statutes

TEX.PENAL CODE§ 7.01(a) (West 2011) . . . . . . . 6,7

TEX.PENAL CODE§7.02(a)(2) (West 2011) . . . . . . . 6

TEX.PENAL CODE§30.02(a)(3)(West 2011) . . . . . . . 6

TEX.PENAL CODE§30.02(a)(1) (West 2011) . . . . . . . 6

TEX.PENAL CODE § 31.03(a)(West Supp.2014) . . . . . . . 7

TEX.PENAL CODE§ 31.03(b)(1),(2) . . . . . . . 7

TEX CODE OF CRIM.PROC.ANN.art 42.1293g(a)(West Supp.2014) . . . . . . . 7

TEX CODE OF CRIM.PROC.ANN.art. 37.09 (West 2006) . . . . . . . 7

# IN THE COURT OF CRIMINAL APPEALS
## OF TEXAS

TERRY GLYNN SPEED          §

v.                        § No. 07-13-00034-CR

THE STATE OF TEXAS        §


## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW OF TEXAS COURT OF APPEALS, SEVENTH DISTRICT, AT AMARILLO, JUDGMENT


TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

Comes Now the Appellant, Terry Glynn Speed, prose and files this Petition For Discretionary Review of Texas Court of Appeals, Seventh District, at Amarillo, Judgment, and will show the Court the following:

## STATEMENT OF THE CASE / PROCEDURAL HISTORY

A jury convicted appellant Terry Glynn Speed of burglary of a habitation, TEX. PENAL CODE ANN. §30.02(a)(3)(West 2011), and assessed punishment, enhanced by two felony convictions, at confinement in prison for sixty-five years, TEX. PENAL CODE ANN. §12.42(d)(West supp. 2014). The trial court entered a deadly weapon finding after the jury answered a special issue affirmatively. (Appendix A, Mem. Op. No. 07-13-00034-CR pages 1-12). Appellant, timely appealed raising three issue, challenging the sufficiency of the evidence supporting his conviction for burglary and the deadly weapon finding and the trial court's refusal to instruct the jury on theft as a lesser-included offense of burglary. ID. On January 09, 2015, the Texas Seventh Court of Appeals Affirmed the conviction and sentence. (Appendix A, Mem. Op. No. 07-13-00034-CR, Terry Glynn Speed v. The State of Texas.).

5.

## GROUNDS FOR REVIEW

### I.

WHETHER THE COURT OF APPEALS ERRED IN CONCLUDING THE EVIDENCE WAS SUFFICIENT TO CONVICT APPELLANT OF THE CHARGED BURGLARY WHETHER THE JURY BELIEVED HE ACTED DIRECTLY OR AS A PARTY.

### Argument.

The Court of Appeals Erred in concluding the evidence was sufficient to convict appellant of the charged burglary whether the jury believed he acted directly or as a party. Appendix A, Mem. Op. No. 07-13-00034-CR, Terry Glynn Speed v. The State of Texas, pages 1, 2-12; Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); Clayton v. State, 235 S.W.3d 772, 778 (Tex Crim. App. 2007); Brooks v State, 323 S.W.3d 893, 894 (Tex. Crim. App. 2010); Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); Beier v. State, 687 S.W.2d 2, 3 (Tex. Crim. App. 1985); Miller v. State, 83 S.W.3d 308, 313 (Tex. App.—Austin 2002, pet. refused); Tarpley v. State, 565 S.W.2d 525, 529 (Tex. Crim. App. 1978); Geesa v. State, 820 S.W.2d 154, 161 (Tex. Crim. App. 1991); Paulson v. State, 28 S.W.3d 570 (Tex. Crim. App. 2000); Rodriguez v. State, 549 S.W.2d 747 (Tex. Crim. App. 1977); Tex. Penal Code § 30.02 (a)(3); Tex. Penal Code Ann. § 30.02 (a)(1) (West 2011); Tex. Penal Code § 7.01 (a) (West 2011); Texas Penal Code § 7.02 (a)(2) (West 2011). Therefore, the judgment should be reversed, remanded for a new trial and/or an acquittal entered.

### II.

WHETHER THE COURT OF APPEALS ERRED IN CONCLUDING THE JURY'S AFFIRMATIVE FINDING TO THE DEADLY WEAPON SPECIAL ISSUE WAS SUPPORTED BY SUFFICIENT EVIDENCE.

### Argument.

The Court of Appeals Erred in concluding jury's affirmative finding to the deadly weapon special issue was supported by sufficient evidence. Appendix A, Mem. Op. No. 07-13-00034-CR, Terry Glynn Speed v. The State of Texas, pages 1,-12; Tex. Penal Code Ann. § 1.07 (a)

(17) (West Supp. 2014); Tex. Code of Crim. Procedure Ann. art. 42.12 § 3g (a)(2) (West supp. 2014); Ex parte Huskins, 176 S.W. 3d 816, 820 (Tex. Crim. App. 2005). Therefore, the judgment should be reversed, remanded for a new trial and/or an acquittal entered.

## III.

WHETHER THE COURT OF APPEALS ERRED IN CONCLUDING THAT THE TRIAL COURT DID NOT ABUSE ITS DISCRETION BY REFUSING TO CHARGE THE JURY ON THEFT AS A LESSER-INCLUDED OFFENSE OF BURGLARY.

### Argument.

The Court of Appeals Erred in concluding that the trial court did not abuse its discretion by refusing to charge the jury on theft as a lesser-included offense of burglary. Appendix A, Mem. Op. No. 07-13-00034-CR, Terry Glynn Speed v. The State of Texas, pages 1-12; Tex. Code Crim. Proc. Ann. art. 37.09 (West 2006); Tex. Penal Code Ann. § 31.03(a) (West Supp. 2014); Tex. Penal Code Ann. § 31.03 (b)(1), (2); Jackson v. State, 160 S.W.3d 568, 574 (Tex. Crim. App. 2005); Threadgill v. State, 146 S.W.3d 654, 666 (Tex. Crim. App. 2004); Hall v. State, 225 S.W.3d 524, 527-28 (Tex. Crim. App. 2007); Grey v. State, 298 s.w.3d 644, 645 (Tex. Crim. App. 2009); Rousseau v. State, 855 S.W.2d 666, 672-73 (Tex. Crim. App. 1993); Royster v. state, 622 S.W.2d 442, 446 (Tex. Crim. App. 1981); Nevarez v. state, 270 S.W.3d 691, 693 (Tex. App.-Amarillo 2008, no pet.); Saunders v. State, 840 s.w.2d 390, 391 (Tex. Crim App. 1992); Bignall v. State, 887 S.W.2d 21, 24 (Tex. Crim. App. 1994); Rice v. State, 333 S.W.3d 140, 045 (Tex. Crim. App. 2011); Phillips v. State, 178 S.W.3d 78, 82 (Tex. App.-Houston [1st Dist.] 2005, pet refused); Lofton v. State, 45 S.W.3d 649, 652 (Tex. Crim. App. 2001). Therefore, the judgment should be reversed, remanded for a new trial and/or an acquittal entered.

## PRAYER FOR RELIEF

For the reason herein, appellant prays for the court to grant his PDR, reverse the conviction and sentence, and remand for a new trial and/or an acquittal entered.

RESPECTFULLY SUBMITTED,

TERRY GLYNN SPEED
TDCJ-ID#1824011
Coffield Unit
2661 FM 2054
Tennessee Colony, TX 75884

## INMATES DECLARATION

I, Terry Glynn Speed, TDCJ-ID#1824011, am the appellant and being presently incarcerated in TDCJ-ID, Coffield Unit, declare under penalty of perjury that according to my belief the facts stated in the above PDR are true and correct.

Signed on February 03, 2015

## CERTIFICATE OF SERVICE

I, Terry Glynn Speed, pro se, appellant, do hereby certify, that a true and correct copy of the above and foregoing PDR, has been served by placing same in the U.S. mail, postage prepaid, on this Day of February 03, 2015, to Dave W. Vernon, Assistant D.A., Johnson County, 2045, Buffalo Ave. Ste. 209, Cleburne, TX 76033.

#1824011
Pro se, Appellant

8.

# APPENDIX

# A

No. 07-13-00034-CR

| | | |
|---|---|---|
| Terry Glynn Speed<br>Appellant | § | From the 249th District Court of<br>Johnson County |
| | § | |
| v. | | January 9, 2015 |
| | § | |
| The State of Texas<br>Appellee | § | Opinion by Justice Campbell |
| | § | |

## J U D G M E N T

Pursuant to the opinion of the Court dated January 09, 2015, it is ordered, adjudged and decreed that the judgment of the trial court be affirmed.

Inasmuch as this is an appeal *in forma pauperis*, no costs beyond those that have been paid are adjudged.

It is further ordered that this decision be certified below for observance.

o O o



In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-13-00034-CR
_____

TERRY GLYNN SPEED, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 249th District Court
Johnson County, Texas
Trial Court No. F46764, Honorable D. Wayne Bridewell, Presiding

January 9, 2015

MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

A jury convicted appellant Terry Glynn Speed of burglary of a habitation[1] and assessed punishment, enhanced by two prior felony convictions, at confinement in prison for sixty-five years.[2] The trial court entered a deadly weapon finding after the jury answered a special issue affirmatively. Through three issues on appeal, appellant challenges the sufficiency of the evidence supporting his conviction for burglary and the

_____

[1] Tex. Penal Code Ann. § 30.02(a)(3) (West 2011).

[2] Tex. Penal Code Ann. § 12.42(d) (West Supp. 2014).

deadly weapon finding and the trial court's refusal to instruct the jury on theft as a lesser-included offense of burglary. We will affirm.

## Background

The houses of Shaun Berry and Christopher Cantu are located near one another on property in rural Johnson County. Access to both residences is via a narrow private lane originating at a gate on State Highway 174 and ending at a closed gate past the houses and barns. Barbed wire fencing bounds each side of the lane.

On February 16, 2012, at about 5:30 p.m. Berry entered the lane returning home from work. He saw a white Honda Civic backed up to the porch of the Cantu residence. Its trunk was open. He further saw two males, one of large build and the other of smaller stature, exit the front door of Cantu's residence. The smaller male closed the trunk and took the driver's seat of the Civic while the larger male took the front passenger seat. The driver was later identified as Jimmy Green and the passenger as appellant.

About that time Cantu entered the lane, also returning from work. He parked next to Berry's vehicle, blocking the road. Cantu also saw two males leave his house. Berry and Cantu got out of their vehicles and approached the Civic, seeking an explanation. Berry left the engine of his vehicle running.

The Civic pulled away and headed toward the back gate. But the gate was closed so the vehicle turned around and proceeded up the lane toward the parked vehicles. Berry called 9-1-1 and retrieved a shotgun.

The Civic attempted to drive around the roadblock created by the vehicles but could not pass. In the process it scraped Berry's vehicle and the barbed wire fence. Also, the exterior rearview mirror on the passenger side of the Civic was dislodged.

The Civic stopped and Green fired a shot in the direction of Cantu and Berry. Berry responded by firing twice toward the Civic. Cantu obtained a shotgun from his residence and fired on the Civic. Green fired a second shot to which Berry responded with two more shots. Appellant exited the passenger side of the Civic, entered Berry's vehicle, and moved it, allowing the Civic to pass. The Civic skirted Berry's vehicle, picked up appellant, and the two departed the property heading toward Joshua, Texas, on SH 174.

Minutes later police officers, aware of the situation through 9-1-1 calls, spotted a white Civic occupied by two males fitting the description of those who fled the Cantu residence. When directed by police to pull over the Civic moved onto the shoulder. The driver did not stop, however, but tried to reenter the highway. The pursuing officer responded by ramming his patrol vehicle into the Civic. The maneuver brought the Civic to a stop.

Meanwhile, Cantu discovered the front door of his residence was "kicked in." His television set had been moved near the door, Direct TV and Samsung remote controls were missing, as was the subwoofer component from his entertainment system.

As police removed Green from the Civic, a .40 caliber pistol fell from his lap. On the driver's side floorboard of the vehicle were two spent cartridges. A live round was found in the driver's seat and the driver's floorboard. On the passenger side floorboard

3

beneath appellant, police found Samsung and Direct TV remote controls. The trunk contained a subwoofer like Cantu's. Also in the trunk was a pry bar containing "fresh scrape marks." Officers further observed a shotgun "slug" had penetrated the vehicle exterior and the exterior passenger side rearview mirror was missing. Police found the mirror near the spot on the Berry property where the Civic attempted to wedge past Berry's vehicle.

Appellant testified during the guilt-innocence phase of trial. He explained he and Green mistakenly believed Cantu's residence was the location of a business accepting applications for trucking jobs. Appellant sought a position as a driver and Green as his helper. Appellant admitted knocking on the front door of Cantu's residence but denied entering. According to appellant, two individuals appeared at the scene and one began firing shots at him and Green.

On cross-examination appellant made several denials. He claimed no knowledge of Green possessing a gun or seeing him fire a gun. He saw no shell casings or live ammunition in the vehicle. He knew not how the remote controls and subwoofer came to be located in the vehicle. He would not acknowledge Cantu's ownership of these items. He denied helping Green escape insisting instead that by moving Berry's vehicle he saved Green's life. Appellant acknowledged four prior convictions for burglary of a habitation and one prior conviction for theft, $750 to $20,000.

Appellant was convicted and sentenced as previously noted. This appeal followed.

Analysis

In his first issue appellant argues the State presented no evidence that he entered Cantu's residence either directly or as a party to the offense.

When deciding whether the evidence is sufficient to support a conviction, we assess all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In applying the *Jackson* standard of review, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (emphasis in original). As the Court of Criminal Appeals has explained, the *Jackson* standard accounts for the factfinder's duty "to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Clayton v. State,* 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (quoting *Jackson,* 443 U.S. at 319). Therefore, when the evidence would support conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of its verdict and must defer to that determination. *Clayton,* 235 S.W.3d at 778 (citing *Jackson,* 443 U.S. at 319.) The deference we are required to give a jury's verdict is perhaps most acute when it depends on the jury's evaluation of the credibility of witnesses and the weight to be given their testimony. *See Brooks v. State,* 323 S.W.3d 893, 894 (Tex. Crim. App. 2010) (under *Jackson* standard, reviewing court is required to defer to jury's credibility and weight determinations). Sufficiency of the evidence is to be measured by the elements of the offense as defined by the hypothetically-correct jury

5

charge. *Malik v. State,* 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically-correct jury charge accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id.*

As charged, to establish appellant's guilt of burglary of a habitation under Penal Code section 30.02(a)(3), the State was required to prove appellant entered Cantu's residence without his effective consent and committed or attempted to commit theft of property, specifically a Direct TV remote control, a Samsung remote control, and a Samsung speaker. *See* TEX. PENAL CODE ANN. § 30.02(a)(1) (West 2011).

"A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both." TEX. PENAL CODE ANN. § 7.01(a) (West 2011). A person is criminally responsible for an offense committed by the conduct of another if "acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." TEX. PENAL CODE ANN. § 7.02(a)(2) (West 2011). When the accused is not the principal actor, the State must prove conduct constituting an offense plus an act committed by the defendant with intent to promote or assist such conduct. *Beier v. State,* 687 S.W.2d 2, 3 (Tex. Crim. App. 1985); *Miller v. State,* 83 S.W.3d 308, 313 (Tex. App.—Austin 2002, pet. refused). Evidence is sufficient to sustain a conviction under the law of parties if it shows the defendant was physically present at the commission of the offense and encouraged the commission of the offense either by words or by other agreement.

6

*Tarpley v. State,* 565 S.W.2d 525, 529 (Tex. Crim. App. 1978); *Miller,* 83 S.W.3d at 313-14.

Appellant argues no rational trier of fact could have found he entered Cantu's residence. We disagree. Berry testified clearly that he saw two men come from inside Cantu's house. The events that followed leave no doubt appellant and Green were the men, and appellant in his testimony acknowledged his presence at the Cantu residence. Items taken from inside the residence were found in the white Civic. The evidence was sufficient to establish appellant entered Cantu's residence.

Appellant counters the circumstantial proof of entry with an argument that the State was obligated to exclude every other reasonable hypothesis except the guilt of appellant to obtain a conviction. But this is no longer the law. *See Geesa v. State,* 820 S.W.2d 154, 161 (Tex. Crim. App. 1991), *overruled on other grounds by Paulson v. State,* 28 S.W.3d 570 (Tex. Crim. App. 2000) (abandoning the alternative reasonable hypothesis construct for reviewing evidentiary sufficiency in circumstantial evidence cases).

Citing *Rodriguez v. State,* 549 S.W.2d 747 (Tex. Crim. App. 1977), appellant next argues his presence as passenger in a vehicle with items taken from Cantu's residence will not support an inference of guilt of burglary. *Rodriguez* held an inference of guilt sufficient to sustain a conviction for theft or burglary may arise from the defendant's possession alone of stolen property if his possession was personal, recent, unexplained, and involved a distinct and conscious assertion of right to the property. *Id.* at 749. In *Rodriguez,* stolen property was found by police in a file box in a bedroom

closet shared by the defendant and his girlfriend in the apartment of the defendant's mother. *Id.* at 747, 748. At the time of the box's discovery, the defendant was hospitalized. *Id.* at 747. Under these circumstances the Court found the evidence insufficient to prove the defendant personally possessed or asserted a distinct and conscious right to the property. *Id.* at 749. *Rodriguez* is distinguishable. The evidence of appellant's guilt is not limited to his possession of property.

Viewing all the evidence in the light most favorable to the jury's verdict, we conclude the evidence was sufficient to convict appellant of the charged burglary whether the jury believed he acted directly or as a party. Appellant's first issue is overruled.

By his second issue, appellant argues the jury's affirmative finding to the deadly weapon special issue was not supported by sufficient evidence.

A "deadly weapon" is "(A) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or (B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." TEX. PENAL CODE ANN. § 1.07(a)(17) (West Supp. 2014). "A firearm is a deadly weapon *per se.*" *Ex parte Huskins,* 176 S.W.3d 818, 820 (Tex. Crim. App. 2005). Section 3g of Article 42.12 of the Texas Code of Criminal Procedure authorizes a trial court to enter a deadly weapon finding in the judgment if a defendant has "used or exhibited a deadly weapon during the commission of a felony offense or during immediate flight therefrom." TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(2) (West Supp. 2014).

8

The charge contained the following instruction on the law of parties:

A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both. Each party to an offense may be charged with commission of the crime.

A person is criminally responsible for an offense committed by the conduct of another if while acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.

The trial court submitted the following special issue to which the jury responded "we do":

Do you find from the evidence beyond a reasonable doubt that the defendant, TERRY GLYNN SPEED, used or exhibited a deadly weapon, to-wit: A FIREARM, during the commission of the offense of Burglary of a Habitation as alleged in the indictment or the immediate flight therefrom, or that the defendant, Terry Glynn Speed, was a party to the offense and knew that a deadly weapon would be used or exhibited during the commission of the offense or immediate flight therefrom?

Under the charge as given, the evidence we have recited supported a reasonable belief by the jury that appellant was a party to the offense and knew of Green's use of a deadly weapon during the pair's immediate flight from the commission of burglary. That is, after pulling away from Cantu's residence Green was unable to exit the property through the closed back gate. Turning around toward the highway gate, Green found insufficient space to drive around the roadblock created by the vehicles of Berry and Cantu. He then fired a pistol in the direction of Berry or Cantu. Thereafter, appellant exited Green's Civic and moved Berry's vehicle a sufficient distance that the Civic could pass. Appellant then reentered Green's vehicle and the two departed in the direction of Joshua. As sole judge of the weight and credibility of the evidence, including witness testimony, the jury was entitled to disbelieve appellant's testimony that

9

he did not see Green with a gun or observe live or spent ammunition inside Green's vehicle. We overrule appellant's second issue.

By his third issue, appellant argues the trial court erred in refusing his requested instruction on the lesser-included offense of theft.

The trial court's decision not to submit a lesser-included-offense instruction is reviewed for abuse of discretion. *Jackson v. State,* 160 S.W.3d 568, 574 (Tex. Crim. App. 2005); *Threadgill v. State,* 146 S.W.3d 654, 666 (Tex. Crim. App. 2004). The circumstances under which an offense is a lesser-included offense of another are defined by statute. TEX. CODE CRIM. PROC. ANN. art. 37.09 (West 2006); *Hall v. State,* 225 S.W.3d 524, 527-28 (Tex. Crim. App. 2007).

Texas courts apply a two-step test to determine whether a lesser-included-offense instruction requested by a defendant must be given. *Grey v. State,* 298 S.W.3d 644, 645 (Tex. Crim. App. 2009). The first step examines whether the asserted lesser offense is included within the proof necessary to establish the offense charged. *Rousseau v. State,* 855 S.W.2d 666, 672-73 (Tex. Crim. App. 1993); *Royster v. State,* 622 S.W.2d 442, 446 (Tex. Crim. App. 1981). Application of the first step of the test involves a question of law. *Hall,* 225 S.W.3d at 535.

The second step of the test considers whether there is evidence to permit the jury rationally to find that the defendant, if guilty, is guilty only of the lesser offense. *Rousseau,* 855 S.W.2d at 673; *Nevarez v. State,* 270 S.W.3d 691, 693 (Tex. App.—Amarillo 2008, no pet.). Regardless of its strength or weakness, if any evidence raises the issue that the defendant was guilty only of the lesser offense, then the charge must

10

be given. *Saunders v. State*, 840 S.W.2d 390, 391 (Tex. Crim. App. 1992). However, it is not enough that the jury might disbelieve crucial evidence pertaining to the greater offense. *Bignall v. State*, 887 S.W.2d 21, 24 (Tex. Crim. App. 1994). There must be some evidence "directly germane to a lesser included offense for the factfinder to consider before an instruction on a lesser included offense is warranted." *Id.* The evidence must establish that the lesser offense is a valid, rational alternative to the charged offense. *Rice v. State*, 333 S.W.3d 140, 145 (Tex. Crim. App. 2011).

A person commits the offense of theft if he unlawfully appropriates property with intent to deprive the owner of property. TEX. PENAL CODE ANN. § 31.03(a) (West Supp. 2014). The person unlawfully appropriates property if it is without the owner's effective consent or the property is stolen and the actor appropriates the property knowing it was stolen by another. *Id.* § 31.03(b)(1), (2). Theft can be a lesser-included offense of burglary. *Phillips v. State*, 178 S.W.3d 78, 82 (Tex. App.—Houston [1st Dist.] 2005, pet. refused). Hence, for this discussion we assume the first step of the *Rousseau* test is satisfied.

Concerning the second step, we note appellant's version of the events as presented through his testimony. Denying any wrongdoing whatsoever, appellant portrayed himself and Green as unarmed, misdirected job seekers who fled the scene amidst gunfire by unknown assailants. "A defendant's own testimony that he committed no offense, or testimony which otherwise shows that no offense occurred at all, is not adequate to raise the issue of a lesser-included offense." *Lofton v. State*, 45 S.W.3d 649, 652 (Tex. Crim. App. 2001). No evidence in the record establishes the offense of theft as a valid, rational alternative to the charged offense of burglary. The second step

11

of the *Rousseau* test is not satisfied. The trial court did not abuse its discretion by refusing to charge the jury on theft as a lesser-included offense of burglary. Appellant's third issue is overruled.

## Conclusion

Having overruled each of appellant's issues on appeal, we affirm the judgment of the trial court.

James T. Campbell<br>
Justice

Do not publish.